UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Anderson,     #41528, | ) | C/A No.   3:08-3654-RBH-JRM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Dr. Higgans; | ) | |
| Mrs. Kathryn H. Harrell; | ) | **Report and Recommendation** |
| Mr. Drew Kelly; | ) | |
| Mrs. B.J., | ) | |
| Defendants. | ) | |

The Plaintiff, Anthony Anderson (Plaintiff), proceeding *pro se*, brings this civil action pursuant to the Privacy Act and 42 U.S.C. § 1983.[1]  Plaintiff is a detainee at the Alvin S. Glenn Detention Center (ASGDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names ASGDC employees as Defendants.[2]  Plaintiff seeks monetary damages and injunctive relief.  The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*,

2

775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff claims that Defendant Higgans, Plaintiff's treating psychiatrist at the ASGDC, "is always intensly [sic] impolite and sarcastic" and uses "putrid and barbaric methods," which have caused Plaintiff "psychological, stress, and trauma." Plaintiff further states Defendant Higgans has stopped Plaintiff's mental health medication and that the "miserable sessions with Dr. Higgans" have caused Plaintiff to become increasingly fearful of this Defendant. Plaintiff names Defendant Kelly as an ASGDC employee who made appointments for Plaintiff to see Defendant Higgans. Plaintiff also states that Defendant Kelly was instructed by Defendant Higgans to "pull up [Plaintiff's] case history from Columbia area Mental Health." Plaintiff indicates Defendant Higgans received mental health/medical records regarding the Plaintiff, however, Plaintiff's permission for the release of such documents was never obtained. Plaintiff's complaint provides no factual information regarding Defendants Harrell and B.J.

## Discussion

Plaintiff claims that Defendant Higgans has provided inadequate mental health treatment to Plaintiff at the ASGDC. Thus, Plaintiff may be alleging that this Defendant has been deliberately indifferent to Plaintiff's medical needs pursuant to 42 U.S.C. § 1983. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate

indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[3]  In *Estelle v. Gamble*, the Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105.  Furthermore, in *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990)(citation omitted).

The instant complaint indicates that the Plaintiff has been seen by Defendant Higgans on at least two occasions. Thus, the Plaintiff admits that he has been provided with mental health treatment, but complains that Defendant Higgans' methods are "putrid and barbaric" and that Defendant Higgans' demeanor is "impolite and sarcastic."  Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary.  *See Brown v. Thompson*, 868 F. Supp. 326, 329, n. 2 (S.D. Ga. 1994)(collecting cases).  Further, while the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, "it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988).  In the present action, the Plaintiff has received medical attention for his mental health issues.  Thus, the Defendants were not deliberately indifferent to the Plaintiff's medical needs.

---

[3]The Plaintiff's claims are governed by the Fourteenth Amendment, not the Eighth Amendment, because the Plaintiff is a pre-trial detainee confined at the Alvin S. Glenn Detention Center.  *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.")

In as much as the Plaintiff may be claiming negligence or incorrect medical treatment, such claims are not actionable under 42 U.S.C. § 1983. The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Similarly, medical malpractice, a state law tort, is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). Thus, negligence and medical malpractice are not constitutional violations and do not state a claim under § 1983.

Plaintiff also alleges that the Defendants have violated the Privacy Act. Plaintiff states that Defendant Higgans instructed Defendant Kelly to "pull up" Plaintiff's mental health records from "Columbia area Mental Health." Plaintiff indicates that medical records were obtained by Defendant Higgans, however, Plaintiff never authorized the release of such information. The Privacy Act, 5 U.S.C.A. § 552a, provides that, under certain circumstances, an individual harmed by an agency's violation of provisions of the Act, may maintain a civil action for damages in federal district court against the agency. *See* 5 U.S.C.A. § 552a(g)(1)(D). *See also Doe v. Chao*, 435 F.3d 492, 495 (4th Cir. 2006). However, in the instant action, the only Defendants named in the complaint are individuals who may have received Plaintiff's mental health information. As Plaintiff fails to name, as a defendant, any agency which may have disclosed Plaintiff's mental health information in violation of the Act, his claim under the Privacy Act must fail.

Finally, Plaintiff fails to make any factual allegations against two of the named Defendants, Kathryn H. Harrell and Mrs. B.J. The complaint's general claim of rights being violated in reference

5

to mental health treatment and the Privacy Act, absent sufficient factual support, fails to state a claim under either 42 U.S.C. § 1983 or 5 U.S.C.A. § 552a.  Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion").  While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).  This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).  As Plaintiff's  complaint fails to state a claim upon which relief may be granted under § 1983 and/or the Privacy Act, it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74.  Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

November  19,  2008
Columbia, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).